Elvira Juana Manuela Joaquina García, Plaintiff and Appellee, v. Josefa Aguayo Casals et al., Defendants and Appellants.

No. 5788. Argued June 17, 1932.—Decided July 26, 1932.

Tous Soto & Zapater for appellants. Guerra Mondragón & Soldevila for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On or about January 27, 1926, in a civil suit brought by Elvira Juana Manuela Joaquina García against Josefa Aguayo Casals and Graciela Casals, the District Court of Ponce rendered judgment declaring the plaintiff to be a legitimate daughter of Juan García Villarraza and Manuela Fernández, holding as void a declaration of heirship made in favor of the defendants, and similarly the records made in the Registry of Property of Ponce, as a result of said declaration of heirship, affecting the property of the decedent Villarraza. The district court also ordered a new partition of the estate of said decedent.

On December 1, 1930, that court, at the request of the plaintiff, ordered the cancellation of the records declared to be null and void in said judgment, and the corresponding writ of cancellation was issued to the Registrar of Property of Ponce.

By virtue of said order, the registrar canceled the record and entered the following note:

"The 9th record in favor of Josefa Aguayo Casals and her daughter, María Graciela García, made in pursuance of the declaration of heirship which has been declared null and void and of the writing accompanying the same, is canceled."

862

There is involved a property which was recorded in the name of Josefa Aguayo Casals, who according to the registry acquired one-half thereof as her share in the conjugal partnership at the death of Juan García Villarraza. "At the instance of the widow," continued the registrar, "the court rendered judgment declaring sole heirs of said decedent his legitimate daughter, María Graciela García Aguayo, and his wife, Josefa Aguayo Casals, and consequently one-half of the property was recorded in the name of Graciela or María Graciela García Aguayo and the other one-half in the name of Josefa Aguayo Casals." The latter portion of the property was acquired by the defendant by purchase from Roque Pérez Suárez, who in turn acquired the same from María Graciela García Aguayo.

The defendant, represented by Attorney Tous Soto, filed a motion requesting from the court that the order and the writ directed to the Registrar of Property of Ponce be amended. Both parties appeared and argued said motion which was overruled, but at the same time the court clarified the order entered on December 1, 1930, by providing that a new writ be issued by the clerk to the Registrar of Property of Ponce directing him to cancel the records existing in favor of the defendants with respect to the property described in the complaint, and made as a result of the declaration of heirship held to be null and void by the judgment rendered in this case.

On February 13, 1931, the defendant Josefa Aguayo Casals filed another motion for the reinstatement of the record of ownership in favor of Josefa Aguayo Casals, as to one-half of the property. The court denied that motion and said defendant took the present appeal, urging that the District Court of Ponce erred in refusing to order the Registrar of Property of Ponce to reinstate the record of ownership in the name of Josefa Aguayo Casals, claimed to have been improperly canceled by said registrar due to an erroneous construction of the writ of said district court, wherein he was

ordered to cancel the record made in the registry in the name of the defendants as a result of the declaration of heirship of Juan García Villarraza entered in their favor.

The defendant-appellant maintains that the record entered in her name as to her one-half share in the conjugal partnership was not made as an inheritance from her husband, but independently of the declaration of heirship, and hence was not affected by the nullity of said declaration. The contention of the appellant is not without some basis, although the record of one-half of the property in the name of the widow seems premature, if made before the liquidation of the conjugal partnership; but we can not consider this appeal on its merits, for the reasons which we will presently state.

The court, in its judgment of January 27, 1926, declared the nullity of the records made in the Registry of Property of Ponce pursuant to the declaration of heirship and relating to the property owned by the decedent Villarraza. This judgment was affirmed by this Supreme Court and by the U. S. Circuit Court of Appeals for the First Circuit. The defendant-appellant maintains that she filed a motion requesting the court to amend its previous order and writ, excluding from the same the record made in the name of Josefa Aguayo Casals of her one-half interest in the conjugal property. The court, on December 15, 1930, denied this motion but clarified its order of December 1, 1930, to conform it to the letter of the judgment rendered on January 27, 1926. That is, it ordered the cancellation of the records made as a result of the declaration of heirship which had been annulled. The defendant did not take an appeal from the order denying the motion wherein it was requested that the record made in the name of the defendant-appellant, with respect to one-half of the estate as ganancial property, be excluded from the order of cancellation.

Subsequently, on February 13, 1931, that is, 60 days after said order had been rendered, said defendant again filed a motion requesting the court to order the reinstatement of the

record of ownership of one-half of the realty in the name of the defendant, on the ground that the registrar had erroneously construed the order of the court when canceling said record. The court again denied the motion, and the defendant appealed from that decision. The plaintiff-appellee maintains that said decision was not appealable, as it was rendered on a motion which practically requested the reconsideration of the order of December 15, 1930. In this we agree. In the first motion it was requested that the record made in the name of defendant with respect to one-half of the property be excluded from the order of cancellation; it is now requested that the record be reinstated. The object sought is the same. The defendant-appellant desires to maintain in force the record made in her name as to one-half of the property, and attempts to obtain this either by having said record excluded from the order of cancellation or by securing an order decreeing its reinstatement. We have, then, a motion requesting in effect the reconsideration of a previous order, after the expiration of the statutory period allowed to appeal from orders rendered after final judgment. In accordance with the decisions of this Court, the order the object of this appeal is not appealable. *Díaz et al.* v. *Pastor,* 29 P.R.R. 88; *A. Hartman & Co.* v. *Cividanes,* 28 P.R.R. 29; *Ex parte Boerman and Marrero,* 28 P.R.R. 76; *Mollfulleda* v. *Ramos,* 16 P.R.R. 765. The Supreme Court of California, in *Title Ins. & Trust Co.* v. *California Development Co.,* 114 Pac. 839, cites numerous cases upholding this doctrine, and says: ''The cases last cited are based upon the ground that an order denying a motion to set aside a former order amounts to no more than refusal by the court to reconsider an action already taken, and that the appeal should be from the original order.''

As the order appealed from is not appealable, the appeal taken by the defendant must be dismissed.